UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH RUSHING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08-CV-1338-CDP |
| | ) |
| NANCY SIMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Joseph Rushing for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff, a resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are MSOTC employees Nancy Simpson, Joe Easter, Larry Majors, and Evan Miller.

Plaintiff alleges that defendants used excessive force against him, causing him to undergo an asthma attack and lose consciousness. He also claims that he was "denied his rights to procedural due process . . . by placing him in punitive segregation without a hearing." He states that he "was left in the room for approximately six hours and then moved back to his assigned unit."

Plaintiff's excessive-use-of-force claim survives review under § 1915(e)(2)(B)and should not be dismissed at this time. See

2

28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, defendants shall reply to said claim.

Plaintiff's claim concerning the violation of his Due Process rights is legally frivolous, because the allegations do not rise to the level of a constitutional violation, and additionally, they are not asserted against any of the named defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's original motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's October 14, 2008 motion for leave to proceed in forma pauperis [Doc. #6] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, as to plaintiff's excessive use of force claims against defendants Nancy Simpson, Joe Easter, Larry Majors, and Evan Miller, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's Due Process claim is **DISMISSED**, without prejudice, because it is legally frivolous and fails to state a claim or cause of action under 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of partial claim dismissal shall accompany this order and memorandum.

Dated this 17th day of November, 2008.

                                            _____
                                            **UNITED STATES DISTRICT JUDGE**