UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH RUSHING, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CV1338 CDP |
| NANCY SIMPSON, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Rushing is a detainee at the Missouri Sexual Offender Treatment Center (MSOTC). He has requested that I order MSOTC to allow him access to the internet and to his personal email account so that he may conduct legal research for his case. He has also asked that I appoint counsel to represent him, or, alternatively, that his mother and brother be allowed to act as his legal contacts. Rushing alleges that he is unable to properly research his case because MSOTC does not have a law library or provide legal assistance to detainees. Defendants argue that Rushing has not demonstrated a need for email or internet access, and that MSOTC provides detainees with legal materials deemed adequate under the law. Further, defendants argue that it would be counterproductive to the treatment and rehabilitation of detainees at MSOTC to allow Rushing to access his personal email and the internet.

Although Rushing is a detainee, and not a prisoner, the rights of detainees have been found to be similar to those of convicted prisoners. *See Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993). The Supreme Court has held that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Supreme Court has since restricted its holding in *Bounds*, and held that prisoners have no "freestanding right to a law library or legal assistance." *Lewis v.Casey*, 518 U.S. 343, 351 (1996). Even if a prisoner can show a "complete and systematic denial of access to a law library or legal assistance," he must still show that the lack of such assistance "hindered his efforts to pursue a legal claim." *Id*. In this case, Rushing fails to allege that he has suffered actual injury or prejudice as a result of not having access to a law library. *Lewis*, 518 U.S. at 351. Lack of access to a law library did not prevent Rushing from successfully filing his complaint with this Court. Further, MSOTC provides detainees access to the Federal Rules of Civil Procedure, the local rules of this Court, Missouri statutes, the Department of Mental Health's regulations and operating regulations, MSOTC's policies, the Prison Litigation Reform Act, and various documents on federal civil rights litigation. Because I find that Rushing has not alleged sufficient injury, and because MSOTC provides detainees with sufficient legal material so that Rushing is able to pursue his claim with this Court, I will not order MSOTC to provide Rushing with internet or email access.

As an alternative to internet access, Rushing has asked that I allow his mother and brother to be his legal contacts at MSOTC. Rushing argues that, because he is pro se, has no appointed counsel, and has no access to the internet or email, he has no other means to get case law or information relevant to his complaint. Defendants argue that, because neither Rushing's mother or brother is an attorney, I should deny Rushing's request. Defendants point out that Rushing's mother and brother would be able to provide all necessary legal information through MSOTC's regular mail and visitation procedures. Defendants further point out that, if designated as Rushing's legal contacts, Rushing's telephone and visitation privileges would be expanded: residents at MSOTC are permitted to call their attorney once each day and may visit with their attorney in a private room at any time with prior notice. Non-attorney phone calls are restricted based on a resident's privilege level and treatment team approval, and non-attorney visits are allowed on designated days for two-hour periods. By designating his mother and brother as his legal contacts, Rushing would greatly expand his telephone and visitation rights. I agree with defendants that Rushing has no right to have his mother and brother designated as his legal representatives, assuming neither is an attorney. I will deny Rushing's request that I appoint his mother and brother as his legal contacts.

Rushing has also asked me to appoint counsel to represent him in his case. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In

determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. Rushing has alleged that defendants used excessive force in violation of federal and state law. I do not believe that the facts and legal issues involved are so complicated that the appointment of counsel is warranted at this time. Accordingly, after considering the relevant factors I will deny plaintiff's motions for appointment of counsel.

Rushing has also filed two motions to compel, both in response to defendants' Rule 26 disclosures. Under the January 21, 2009 Case Management Order, Rule 26 disclosures were due February 16, 2009. Defendants, on February 16, asked for an extension of time to make these disclosures, citing sensitive medical and mental health material as the reason for the delay. Before I ruled on defendants' request, on February 20, Rushing filed a Motion to Compel, asking that I order defendants to produce their Rule 26 material according to the Case Management Order. On February 23, 2009, defendants mailed the Rule 26 material to Rushing. Because

defendants produced the disclosures to Rushing on February 23, Rushing's February 20 motion is moot.

Rushing has filed a second Motion to Compel since receiving defendants' Rule 26 material, arguing that the disclosures were incomplete. Specifically, Rushing believes that defendants have not turned over all (1) Team Requests related to Rushing's allegations; (2) grievances related to his allegations; (3) EMT reports from the day of the incident; (4) complaint forms filed with the Farmington Police Department; (5) staff information involved in Rushing's alleged physical assault; and (6) a list of all residents present in the Blair dining hall on the day of the alleged assault. In response, defendants claim to have turned over all relevant Team Requests, grievances, and the Report of the Farmington Police Department conducted in response to Rushing's complaint. Defendants claim not to understand the meaning of "EMT reports" but respond that they have turned over all medical documents related to the incident. Defendants object that Rushing's request for "all staff information" is vague, and does not explain what documents Rushing believes are being withheld. Further, defendants claim that they do not have a list of all individuals present in the dining hall on February 29, 2008. Because I cannot tell whether defendants have turned over all relevant information, I will grant Rushing's motion to compel, in part. Defendants have indicated to me that they have turned over the "Report of the Farmington Police Department," but this does not respond to Rushing's request. Rushing asked for "any complaint forms . . . filed *with* the

Farmington Police Department." I will order defendants to produce these complaint forms, if they exist. Further, defendants are ordered to produce any EMT reports of the incident. The commonsense understanding of Rushing's request for "EMT reports" is that it asks for reports by the Emergency Medical Technicians who responded to the incident, or the equivalent reports from any medical professionals who responded to the incident. To the extent that these documents exist, defendants are required to produce them. Defendants have stated that there is no written list of individuals present in the Blair Dining Hall on February 29, 2008. The existence of a written list is not dispositive of whether defendants must produce a list of individuals present during the incident. If defendants are able to compile a written list of all individuals present at the time of the incident, they are required to disclose those names as part of their Rule 26(a) disclosures. I agree with defendants that Rushing's request for "all staff information" is vague. If Rushing believes that specific information is missing from defendants disclosures, he must specify what information he is requesting so that defendants are able to comply.

Rushing has also asked me to order defendants to depose him a second time. Rushing was deposed for this case on March 27, 2009. On March 19, Rushing asked that I reset the date of his deposition because he wanted to wait for my ruling on his pending motions to appoint counsel, to allow him access to the internet, and to allow his mother and brother to be his legal contacts. He also wanted more time to review, and to get more information on how depositions work. I did not rule on Rushing's

motion to reset the deposition before March 27, 2009, and the deposition took place on that date.  Rushing would now like me to set aside that deposition, and order defendants to conduct a new deposition.  According to Rushing, he was unable to fully answer the questions posed to him because defendants had not turned over all of the information he needed to answer them.  Even if Rushing's allegations are true – that he was unable to fully answer the questions posed by defendants because defendants withheld relevant information – any prejudice to Rushing is easily cured.  As discovery proceeds, Rushing may find out information that may change the truthfulness of an answer he gave in his deposition.  During trial, Rushing may testify on his own behalf and give answers different from those given at his deposition, if new information has come to light.  Rushing was competent to truthfully respond to defendants' questions during the deposition on March 27, 2009, and I will not order a new deposition.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to allow plaintiff access to email and internet for legal purposes [#16] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for legal contact [#30] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel [#17] and [#37] are DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#31] is GRANTED in part. Defendants must produce the information plaintiff requested, in compliance with this order.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file surreply [#29] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time [#21] is DENIED as moot. Plaintiff's first motion to compel [#25] is also DENIED as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to reset deposition [#32] is DENIED. Plaintiff's motion for a new deposition [#36] is also DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2009.